UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KIMBERLY TRIMMER DAVIS, § | |
| § | |
| Plaintiff, § | |
| vs. § | CIVIL ACTION NO. H-09-2260 |
| § | |
| TRAVELERS LLOYDS OF TEXAS § | |
| INSURANCE COMPANY, *et al*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER OF REMAND**

**I.      INTRODUCTION**

Before the Court is the plaintiff's, Kimberly Trimmer Davis (the "plaintiff"), motion to remand and memorandum in support of motion to remand (Docket Entry No. 10) and the defendants', Travelers Lloyds of Texas Insurance Company ("Travelers"), The Standard Fire Insurance Company ("Standard"), Robert Ballew ("Ballew") and Eduardo Cespedes ("Cespedes"), response (Docket Entry No. 16). After having carefully considered the motion, response, and the applicable law, the Court is of the opinion that the plaintiff's motion to remand should be GRANTED in part and DENIED in part. The above-styled and numbered civil action is, therefore, REMANDED, pursuant to 28 U.S.C. § 1447(c), to the 127th Judicial District Court of Harris County, Texas, where it was originally filed and assigned Cause No. 2009-38316.

**II.     FACTUAL BACKGROUND**

Travelers and/or Standard issued to the plaintiff a Texas Homeowners' Insurance Policy (the "policy") insuring the plaintiff's residential property located in Houston,

Harris County, Texas. The policy was in effect at the time Hurricane Ike hit Harris County, Texas, causing severe damage to several commercial and residential properties throughout Harris County, Texas, including the plaintiff's property. Consequently, the plaintiff filed a claim under the policy for roof damage, water damage, wind damage, contents damage and structural damage to her property. She requested that Travelers and/or Standard cover the cost of repairs to the property pursuant to the policy. Travelers and/or Standard assigned Ballew and Cespedes, both claims adjusters, to the plaintiff's claim. Eventually, the plaintiff's claim was denied.

On June 17, 2009, the plaintiff filed an action in the 127 Judicial District Court of Harris County, Texas, against the defendants, Travelers, Standard, Ballew, and Cespedes, (collectively referred to as the "defendants"), alleging that her claim for damage to her residence, occurring as a result of Hurricane Ike, was improperly handled and wrongfully denied. Specifically, with respect to Travelers and/or Standard, she alleges causes of action for common law fraud, conspiracy to commit fraud, breach of contract, breach of the duty of good faith and fair dealing and numerous violations of the Texas Insurance Code. As to Ballew and Cespedes, she alleges causes of action for multiple violations of § 541.060 of Texas Insurance Code, common law fraud and conspiracy to commit fraud.

On July 16, 2009, the defendants, pursuant to 28 U.S.C. § § 1441 and 1446, removed the instant action to this Court on the basis of diversity jurisdiction, asserting that Cespedes, the only non-diverse defendant, had been improperly joined as a defendant and that the plaintiff had failed to allege any facts against him sufficient to sustain *any* cause of action against him. In response, on August 14, 2009, the plaintiff filed the instant motion to remand, contending that Cespedes was properly joined as a defendant in

the lawsuit, and because complete diversity of citizenship is non-existent among the parties, federal jurisdiction is lacking. Accordingly, the plaintiff contends that this case must be remanded to the state court in which it was originally filed.

### III. CONTENTIONS OF THE PARTIES

#### A. The Plaintiff's Contentions

The plaintiff asserts that removal of this case was improper because the Court lacks subject matter jurisdiction over this action. She contends that complete diversity of citizenship does not exist among the parties in this case because Cespedes is domiciled in the state of Texas. She argues that the defendants' contention that Cespedes was added to this lawsuit solely for the purpose of depriving the federal court of jurisdiction is without merit. She further contends that Cespedes has not been improperly joined in this lawsuit because she has alleged valid causes of action against him which are supported by sufficient facts. Accordingly, she avers that the defendants have failed to meet their burden and that this case should be remanded to the state court in which it was originally filed.

#### B. The Defendants' Contentions

The defendants' argue that removal of the instant action to federal court was proper because the plaintiff did not specify a reasonable basis upon which to conclude she can recover against Cespedes on the causes of action pled. They contend that there is no reasonable basis for predicting that the plaintiff can recover against Cespedes given the lack of specific facts giving rise to and supporting the causes of action asserted against him. They further aver that the plaintiff's factual allegations against Cespedes are insufficient to support *any* cause of action against him. Specifically, with respect to the

plaintiff's cause of action for fraud, they contend that it fails as a matter of law because the plaintiff has not met the factual pleading requirements and has alleged no specific facts supporting any alleged fraud. As to the plaintiff's causes of action under the Texas Insurance Code, they contend that the plaintiff's allegations constitute nothing more than a verbatim recital of the statutory provisions of the Texas Insurance Code. Consequently, they argue that Cespedes was improperly joined in this lawsuit by the plaintiff for the sole purpose of defeating diversity and depriving this Court of jurisdiction. Thus, the defendants contend that the court should disregard Cespedes' citizenship for purposes of determining diversity jurisdiction and deny the plaintiff's motion to remand.

### IV. STANDARD OF REVIEW

The applicable statute provides two grounds for remand: (1) a defect in removal procedure; and (2) lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca,* 516 U.S. 124, 127 - 28, 116 S. Ct. 494, 133 L.Ed.2d 461 (1995). A remand for lack of subject matter jurisdiction is permissible at any time before final judgment, with or without a motion. 28 U.S.C. § 1447(c). Here, the essential inquiry is whether removal of the state court action on the basis of diversity of citizenship was proper in light of the facts presented.

Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction. *See* 28 U.S.C. 1441(a). The federal diversity jurisdiction statute provides that federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists. *See* 28 U.S.C. § 1332(a). "It is well-established that the diversity

statute requires 'complete diversity' of citizenship: A district court generally cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)). In analyzing whether diversity jurisdiction exists, however, a court may disregard the citizenship of parties that have been improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 - 73 (5th Cir. 2004) (en banc) *cert. denied*, 544 U.S. 992, 125 S. Ct. 1825, 161 L.Ed.2d 755 (2005). Nevertheless, the burden of establishing fraudulent or improper joinder rests on the party asserting it and is indeed a heavy burden. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

In order to establish fraudulent or improper joinder of a party, the defendant must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573. In this case, the parties do not dispute that Cespedes is a Texas resident, thus the Court's analysis will focus only on the second prong of this test. Under the second prong, the Court is required to determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citing *Irby*, 326 F.3d at 647 – 48). "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573.

In deciding whether a defendant was improperly joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 -309 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). It must also "resolve all ambiguities in the controlling state law in the plaintiff's favor." *Guillory*, 434 F.3d at 308 (internal citations omitted). In this regard, the court is not required to "determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Id.* at 309 (internal citations omitted).

When determining the possibility of recovery under state law, the court is permitted to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573 (internal citations omitted). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*; *Guillory*, 434 F.3d at 309. In cases "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573 (citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000); *accord Guillory*, 434 F.3d at 309. This summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573 – 74 (citing *Irby*, 326 F.3d at 648 – 49). The Fifth Circuit, nevertheless, has cautioned "district courts against "pretrying a case to determine removal jurisdiction." *Cavallini v.*

*State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) (internal citation omitted).

## V.  ANALYSIS AND DISCUSSION

In this case, the plaintiff does not move for remand based on a procedural defect in the defendants' removal procedure nor does she contend that the requisite amount in controversy is lacking. Instead, she contends that remand in this case is appropriate due to a lack of complete diversity of citizenship between her and the in-state defendant, Cespedes. It is undisputed that the plaintiff and Cespedes are both Texas citizens. Thus, subject matter jurisdiction in this case is lacking unless the defendants can meet their heavy burden of showing that Cespedes was improperly joined. *Smallwood*, 385 F.3d at 572 – 73; *see also Guillory*, 434 F.3d at 307 - 08. The issue of improper joinder hinges on whether the plaintiff can establish *any* potentially viable state-law cause of action against Cespedes.

First, the defendants contend that the plaintiff's cause of action for fraud pled against Cespedes fails as a matter of law because the plaintiff has not met the factual pleading requirements and has not attributed any specific actionable fraudulent conduct to Cespedes.[1] Nevertheless, even assuming that the defendants have met their burden of establishing that there is no reasonable possibility that Cespedes could be found liable to the plaintiff on her claim for fraud given the facts alleged, Texas law clearly authorizes suits against insurance adjusters in their individual capacities. More specifically, the Texas Insurance Code permits a private right of action against "another person" who

---

[1] Since the Court finds that a possibility exists that the plaintiff may be able to sustain a cause of action against Cespedes under the Insurance Code, it does not consider whether she has alleged actionable facts against Cespedes for fraud.

commits one of the prohibited acts or practices enumerated in § § 541.060 and 541.061. *See* TEX. INS. CODE at § 541.151.

In *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, the Texas Supreme Court held that an employee-agent of an insurance company, who engages in the business of insurance, is a "person," within the meaning of the aforementioned statute, who may be held liable for engaging in unfair or deceptive acts or practices in the insurance business under Article 21.21[2] of the Texas Insurance Code. 966 S.W.2d 482, 486 – 87 (Tex. 1998). In addition, the Texas Insurance Code specifically includes "adjusters" among the list of individuals and entities included in the definition of the term "person." *See* TEX. INS. CODE § 541.002(2). Moreover, some courts in the Fifth Circuit have reasoned that "an insurance adjuster, much like an insurance agent, can be subject to suit under Article 21.21." *Vargas v. State Farms Lloyds*, 216 F.Supp.2d 643, 648 (S.D. Tex. 2002) (Kent, J.); *accord Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 283 (5th Cir. 2007); *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 n.9 (5th Cir. 2004); *Blanchard v. State Farm Lloyds,* 206 F. Supp.2d 840, 846 (S.D .Tex. 2001) (Rosenthal, J.) "Although the duties of an insurance adjuster are starkly different from those of an insurance agent, an insurance adjuster nevertheless engages in the business of insurance by investigating, processing, evaluating, approving, and denying claims." *Vargas*, 216 F. Supp.2d at 648.

---

[2] "Section 3 of Article 21.21 prohibits any person from engaging in deceptive trade practices in the insurance business, and section 16 provides a private cause of action against a person that engages in an act or practice declared in section 4 of the article to be unfair or deceptive." *Garrison Contractors*, 966 S.W.2d at 484 (citing TEX. INS. CODE art. 21.21 § 16(a)). Article 21.21 has since been repealed. The pertinent parts of § 16 are currently codified at § 541.060 of the TEX. INS. CODE.

Having found that insurance adjusters are generally subject to liability under the Texas Insurance Code, the Court must now determine whether Cespedes, namely, was a "person" engaged in the insurance business with respect to the plaintiff's claim. *Id.* Specifically, in her Original Petition, the plaintiff alleges that Cespedes and Ballew, as employees of Travelers and/or Standard, committed the following unfair settlement practices in violation of multiple provisions of § 541.060 of the Texas Insurance Code:

1. misrepresented to her that the damage to her property was not covered under the policy, even though the damage was caused by a covered occurrence;

2. failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim even though liability under the policy was reasonably clear;

3. failed to explain to her the reasons for their offer of an inadequate settlement;

4. failed to communicate to her that any future settlements or payments would be forthcoming to pay for the entire loss covered under the policy, and failed to provide any explanation for the failure to adequately settle her claim;

5. failed within a reasonable time to affirm or deny coverage of the claim to her or submit a reservation of rights to her;

6. refused to fully compensate her under the terms of the policy, without conducting a reasonable investigation; and

7. performed an outcome-oriented investigation of her claim, which resulted in a biased, unfair and inequitable evaluation of her losses on the property.

In opposition to the plaintiff's contentions, the defendants, by way of their notice of removal, contend that Cespedes did not adjust the plaintiff's claim. Additionally, in their response to the plaintiff's motion to remand, they contend that Cespedes never spoke directly with the plaintiff regarding her claim because she failed to respond to his

attempts to communicate with her. They further contend that Cespedes made no decisions whatsoever regarding coverage with respect to the plaintiff's claim.

The plaintiff, on the other hand, asserts that she received a letter that attests to be from Cespedes, dated December 19, 2008, wherein he acknowledged receipt of her claim on Standard's behalf and further stated, "I will review this on the company's behalf and will contact you in the near future to discuss this matter." The plaintiff also points out that Cespedes acknowledges in his affidavit, filed in support of the plaintiff's motion to remand, that he was a claims representative assigned by Standard to handle the plaintiff's claim on or about November 21, 2008. Here, he avers that he did not adjust the plaintiff's claim. Yet, while making that assertion, he contends that on multiple occasions he made attempts to discuss the plaintiff's claim with her and to arrange, if she so desired, a re-inspection of her property. He did this, he claims, by leaving her telephone messages and sending to her one or more letters. The substance of these communications, however, is not before the Court and there is no indication in the record that Cespedes' role with regard to the plaintiff's claim was merely administrative. Moreover, the fact that Ballew has also submitted an affidavit attesting that he was a claims representative assigned by Standard to handle the plaintiff's claim in October of 2008 and that he was responsible for inspecting the plaintiff's property, preparing an estimate and issuing a payment to the plaintiff, without ever indicating whether he played any role in recommending, directing, and/or issuing the denial of coverage relative to the plaintiff's claim, raises concerns relative to the handling of the plaintiff's claim file. These facts, without more, indicate that Cespedes was, at least partly, responsible for some portion of Standard's investigation and/or decision relative to the plaintiff's claim.

When resolving all factual disputes and ambiguities in the plaintiff's favor, as this Court is required to do, the Court determines that the evidence presented tends to show that Cespedes, while acting as a "person" engaged in the business of insurance, *may* have contributed in some way to the investigation and/or decision relative to the plaintiff's claim. Assuming so, Cespedes could *possibly* be held liable to the plaintiff under the Texas Insurance Code. Indeed, while the facts presented do not irrefutably establish that Texas law will impose liability on Cespedes, at this point, the plaintiff is not required to make such a showing. It is the defendants' duty to show with certainty that the plaintiff has *no possibility* of recovery against Cespedes in light of the facts presented and the inference that this Court is required to deduce from such facts.

Although the defendants concede that Texas law permits actions against adjusters in their individual capacities, they, nevertheless, contend that such liability is not automatic and that the plaintiff has failed to allege actionable facts sufficient to support a valid cause of action against Cespedes under the Texas Insurance Code. As support for their contentions, the defendants cite *Hornbuckle*.[3] In *Hornbuckle*, the Fifth Circuit reasoned as follows:

> [f]or removal purposes, a local defendant is deemed fraudulently joined not only when there is no arguably reasonable basis for predicting that the local law would recognize the cause of action pled against that defendant, but also when, as shown by piercing the pleadings in a summary judgment type procedure, there is no arguably reasonable basis for predicting that the plaintiff would produce sufficient evidence to sustain a finding necessary to recover against that defendant.

---

[3] The defendants also cite to the case of *Broadway v. Brewer*, No. 4:08CV475, 2009 WL 1445449 (E.D. Tex. May 21, 2009) as additional support for their position, but the Court finds it distinguishable from the case at bar.

*Id.* at 545. Presuming, as the defendants suggest, that "there is no arguably reasonable basis for predicting that the plaintiff would produce sufficient evidence [in the state court] to sustain a finding necessary to recover against" Cespedes, the Court, nevertheless, finds that this result, standing alone, is insufficient to create improper or fraudulent joinder, as such a "showing is equally dispositive of all defendants rather than to the in-state defendants alone." *See Smallwood*, 385 F.3d at 574 – 575. The Court finds support for its position in *Smallwood* and its progeny.

In *Smallwood*, for instance, the Fifth Circuit reasoned that "when . . . a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant[s], there is no improper joinder; there is only a lawsuit lacking in merit." *Id.* at 574. "Such an allegation of improper joinder is more properly an attack on the merits of the claim, rather than an inquiry into the propriety of the joinder of the local party," *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (quoting *Smallwood*, 385 F.3d at 574)), especially when, as here, the allegations asserted against Cespedes for violations of the Texas Insurance Code are identical to those alleged against the other non-resident defendants.[4] For these reasons, the Court holds that the defendants have not met their burden of establishing that Cespedes was improperly joined in this suit and remand is appropriate in this case as this Court lacks subject matter jurisdiction.

## VI.  THE PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS

---

[4] As previously set forth, there are also claims asserted against Travelers and/or Standard that have not been alleged against Cespedes.

Additionally, the plaintiff seeks an award of attorneys' fees, costs and expenses incurred as a result of the defendants' removal pursuant to 28 U.S.C. § 1447(c ). She contends that "if the Court grants plaintiff's motion to remand, the order should require the payment of costs, expenses and attorney's fees incurred as a result of the improper removal." (Docket Entry No. 10, Pl.'s Mot. to Remand at p. 10.) It is well-settled in the Fifth Circuit, however, that "[t]here is no automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.* 199 F.3d 290, 292 (5th Cir. 2000). "Indeed, the clear language of the statute makes such an award discretionary." *Id.* Specifically, Section 1447(c) provides, in relevant part, as follows: "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). "Although from time to time factual situations may arise in which the district court is required to award attorney's fees, the mere determination that removal was improper is not one of them." *Valdes*, 199 F.3d at 292.

More recently, in *Martin v. Franklin Capital Corp.*, the United States Supreme Court held that "the standard for awarding fees should turn on the reasonableness of the removal" and "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. 132, 136, 126 S. Ct. 704, 163 L.Ed.2d 547 (2005); *accord Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280 (5th Cir. 2009). The Court further noted that there is no strong presumption for or against granting such fee awards. *Martin*, 546 U.S. at 137, 126 S. Ct. 704.

Here, the plaintiff alleges that in light of the *Smallwood* decision, the defendants' removal of the instant action was not meritorious given the prevailing law and therefore, the Court should assess attorney's fees against them. This Court disagrees as the defendants have undoubtedly presented some compelling evidence tending to establish Cespedes' limited role with respect to the plaintiff's claim. Nevertheless, given the highly fact-specific nature of the issues presented, coupled with the fact that Texas case law on individual liability for insurance-related claims remains unclear, the Court, in its discretion, denies the plaintiff's request for attorney's fees, costs and expenses under § 1447(c).

## VII.   CONCLUSION

Removal jurisdiction is to be strictly construed. *Gasch*, 491 F.3d at 281 – 82 (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)). Because the defendants have not shown that there exists no reasonable possibility that the plaintiff could establish a cause of action against Cespedes under the Texas Insurance Code, the Court concludes that the defendants have not met their heavy burden of demonstrating improper joinder on the facts asserted in this case. In light of the foregoing, the shared citizenship of the plaintiff and Cespedes defeats diversity and prevents this Court from exercising jurisdiction over the instant action. Accordingly, remand is warranted. It is, therefore, the judgment of this Court that the plaintiff's motion to remand should be GRANTED, except to the extent that the plaintiff seeks attorneys' fees, costs and expenses. Pursuant to 28 U.S.C. § 1447(c), this civil action is hereby remanded to the 127th Judicial District Court of Harris County, Texas, where it was originally filed and assigned Cause No. 2009-38316.

It is so **ORDERED**.

SIGNED at Houston, Texas this 29th day of September, 2009.

_____
Kenneth M. Hoyt
United States District Judge